NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3580-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROSARIO MIRAGLIA, JR.,

    Defendant-Appellant.

_____

Argued telephonically May 19, 2020 –
Decided July 10, 2020

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 05-02-0383.

Rosario Miraglia, Jr., appellant, argued the cause pro se.

Mary Rebecca Juliano, Assistant Prosecutor, argued the cause for respondent (Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney; Mary Rebecca Juliano, of counsel and on the brief).

PER CURIAM

Defendant Rosario Miraglia, Jr. appeals from a March 11, 2019 order denying his second petition for post-conviction relief (PCR) because it was time-barred under Rule 3:22-12(a)(2). We affirm.

I.

In 2008, a jury convicted defendant of the double murder of his former girlfriend and his grandmother. Accordingly, he was found guilty of two counts of first-degree murder, N.J.S.A. 2C:11-3. The jury also found aggravating factors, concluding that both murders were "outrageously or wantonly vile, horrible or inhumane." The evidence at trial supported those findings because defendant told the jury that he stabbed both victims with a knife and dismembered their bodies with a meat cleaver.

At trial, defendant asserted that he should be found not guilty because he was Jesus Christ and was on a mission from God when he killed the victims. Alternatively, defendant relied on an insanity defense. The jury rejected defendant's claim of innocence and his affirmative defense of insanity. He was sentenced to two consecutive terms of life in prison without parole.

Defendant filed a direct appeal arguing that the trial court erred in (1) finding him competent to stand trial; (2) denying his attorney's request for a bench trial, which defendant opposed when the application was made; and (3)

instructing the jury on his insanity defense.  We found no error and affirmed.  State v. Miraglia, No. A-0407-09 (App. Div. Mar. 18, 2013).  The Supreme Court denied defendant's petition for certification.  State v. Miraglia, 216 N.J. 8 (2013).

In January 2014, defendant filed his first petition for PCR.  The PCR court denied that petition finding it was both time-barred and lacked merit.  We affirmed.  State v. Miraglia, No. A-0433-15 (App. Div. Oct. 18, 2017).  The Supreme Court denied certification.  State v. Miraglia, 232 N.J. 414 (2018).

In April 2018, defendant filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey.  In February 2019, defendant moved to stay that federal proceeding.[1]

On February 11, 2019, defendant filed his second PCR petition.[2]  On March 11, 2019, the second PCR court denied the petition stating, in the order, that it was filed out of time under Rule 3:22-12(a)(2).  The court did not hold oral argument or a hearing on the second petition and it gave no reasons for its rulings beyond the statement in the order of dismissal.

---

[1]  In September 2019, the federal court denied defendant's motion for a stay.

[2]  The petition is dated February 11, 2019, but it is not clear when it was filed. The specific filing date is not relevant for this appeal.

## II.

On this appeal from the order denying the second petition for PCR, defendant, who is representing himself, makes six arguments. He articulates his arguments as follows:

> POINT 1 – [THE] JUDGE['S] . . . SUMMARY DISMISSAL DOES NOT COMPLY WITH THE STANDARD OF A PERPONDERANCE AS STATED IN (STATE V. PRECIOSE). PETITIONER SUBMITS THAT THE UNEXHAUSTED ISSUES PRESENTED TO THE LOWER COURT HAD/HAVE MERIT AND THE DENIAL VIOLATED PETITIONER'S STATE AND FEDERAL RIGHTS.
>
> POINT 2 – THE TRIAL COURT IN THE COUNTY OF MONMOUTH IS IN VIOLATION OF UNITED STATES CASE LAW, THAT THE LAW BEING: MCCOY V. LOUISIANA WHICH IS CENTRAL TO MR. MIRAGLIA'S LEGAL [R]IGHT. THE ISSUE BEING RAISED IS NOT SUBJECT TO BAR VIA R. 3:22-4(A) BECAUSE IT COULD NOT HAVE BEEN RAISED AT ANY PRIOR PROCEEDING AND IS BEING RAISED WITHIN THE ONE YEAR WINDOW AS TO THE DECISION OF "MCOY" AND THE DENIAL OF FIRST PCR. MR. MIRAGLIA IMPLORES THE COURT TO TAKE INTO CONSIDERATION THAT DIRECT APPEAL ATTORNEY WOULD NOT RAISE THIS ISSUE IN THIS CONTEXT IN ANY FORM OR FASHION, BECAUSE HIS POSITION WAS THAT MR. MIRAGLIA WAS INCOMPETENT. MR. MIRAGLIA'S CLAIM WAS IN THE PIPELINE THAT LEGAL CLAIM HIS AUTONOMY, FOR THIS REASON MCCOY SHOULD BE APPLIED TO MR. MIRAGLIA'S CASE AND THE RETROACTIVITY A

4

NON-ISSUE. (6TH AND 14TH AMENDMENT VIOLATION(S)) AND A VIOLATION OF NEW JERSEY CASE LAW VIA JUNE GORTHY AND THE AUTONOMY OF A CRIMINAL DEFENDANT.

POINT 3 – UNEXHAUSTED ISSUE(S) ONE, TWO, AND THREE ARE IN A SYMBIOTIC RELATIONSHIP WITH EACH OTHER. THIS TROIKA OF ACTOR(S) IS CLEARLY INEFFECTIVE FOR NOT RAISING THE (JUNE GORTHY) DECISION WHICH SOLIDFIES THE AUTONOMY OF A CRIMINAL DEFENDANT DURING TRIAL PROCEEDINGS. MR. MIRAGLIA'S LEGAL ARGUMENT IS ROC[K] SOLID AND AN EVID. R. 104 HEARING NEEDS TO BE SCHEDULED TO ADDRESS THE PLAIN TO SEE DEFICIENCY AND ADDRESS THE ACTUAL PREJUDICE; IS THIS PREJUDICE FUNCTIONAL AND SYSTEMIC IN NATURE AS PERTAINS TO MR. MIRAGLIA'S CASE FOR THE FOLLOWING REASON: [TRIAL COUNSEL] WAS MR. MIRAGLIA'S TRIAL ATTORNEY AND THE APPELLATE COUNSEL WHO LEFT HIM LAWYERLESS. THESE QUESTION(S) AND MORE NEED TO BE ADDRESSED AT A R. 104 HEARING FOR THE FACT THAT THE APPELLATE COURT(S) DECISION WOULD HAVE BEEN DIFFERENT AS BY BEING BOUND BY NEW JERSEY CASE LAW (JUNE GORTHY), AND THIS DIFFERENCE TRANSLATES INTO SATISFYING THE TWO PRONGS OF "STRICKLAND". (6TH AMENDMENT VIOLATION)

POINT 4 – [THE] CHIEF JUSTICE . . . DENIED MR. MIRAGLIA'S CERTIFICATION IN A CAPRICIOUS MANNER. MR. MIRAGLIA ARGUED CLIENT AUTONOMY IN HIS PRO SE CERTIFICATION BRIEF AND [THE CHIEF] JUSTICE . . . JOINED IN

[ANOTHER] JUSTICE['S] OPINION WHICH READS: (1) WHEN A CRIMINAL DEFENDANT IS FOUND COMPETENT TO STAND TRIAL UNDER N.J.S.A. 2C:4-4, HE OR SHE HAS THE AUTONOMY TO MAKE STRATEGIC DECISIONS AT TRIAL, WITH THE ADVICE OF COUNSEL, INCLUDING WHETHER TO ASSERT THE INSANITY DEFENSE. (STATE OF NEW JERSEY V. JUNE GORTHY 226 NJ 516)[.] MR. MIRAGLIA DID NOT CITE THE JUNE GORTHY CASE, HOWEVER; THE 3RD CIRCUIT RULED "APPLY THE APPLICABLE LAW[,"] "IRRESPECTIVE OF WHETHER THE PRO SE LITIGANT HAS MENTIONED IT BY NAME[."] MOREOVER, [THE CHIEF] JUSTICE . . . IS DIRECTLY INVOLVED IN THE JUNE GORTHY DECISION. THIS TRANSLATES INTO 6TH AND 14TH AMENDMENT VIOLATION(S) AND IS IN VIOLATION OF BINDING NEW JERSEY CASE LAW (JUNE GORTHY).

POINT 5 – THE COURT(S) ARE MISAPPLYING THE TIME [BAR] TO MR. MIRAGLIA'S CASE IN VIOLATION OF THEIR OWN RULE(S) IN HOW A CRIMINAL DEFENDANT IS TO PROCEED DURING THE APPELLATE PROCESS. (EXPLAINED IN DETAIL IN LEGAL ARGUMENT) MOREOVER, MR. MIRAGLIA HAS SHOWN DUE DILIGENCE.

POINT 6 – THE STATE'S DOUBLE STANDARD VIOLATED PETITIONER'S STATE AND FEDERAL CONSTITUTION RIGHTS AND THE RULING(S) AGAINST MR. MIRAGLIA BREACH THE STANDARD OF BEING "OBJECTIVELY UNREASONABLE" AS PERTAINS TO THE RULING OF THE TRIAL COURT JUDGE . . . AND THE FORCING OF AN INSANITY DEFENSE FOR THIS IN VIOLATION BINDING NEW JERSEY

6

CASE LAW (JUNE GORTHY). THIS TRANSLATES INTO 6TH AND 14TH AMENDMENT VIOLATION(S) AND WILL BE ARGUED IN A COMPREHENSIVE, METHODICAL, COGNET, AND SIMPLISTIC FASHION FOR THE PURPOSE OF COGNITION. UNEXHAUSTED ISSUE(S) 4 AND 6 ARE SYMBIOTIC IN NATURE.

The majority of defendant's arguments lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2). Indeed, most of those arguments are clearly time-barred by Rule 3:22-12(a)(2). See also R. 3:22-4(b).

We briefly analyze and reject defendant's arguments that he is entitled to relief under State v. Gorthy, 226 N.J. 516 (2016) or McCoy v. Louisiana, ___ U.S. ___, 138 S. Ct. 1500 (2018). Defendant contends that Gorthy and McCoy created new constitutional rights that should be applied retroactively to his murder convictions. We disagree.

The second or subsequent petition for PCR must be filed within one year of a newly recognized constitutional right. In that regard, Rule 3:22-12(a)(2) states:

> Second or subsequent Petition for Post-Conviction Relief. Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right

has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; . . . .

The rule goes on to state that the time limitation "shall not be relaxed" except as provided in the rule. R. 3:22-12(b).

In Gorthy, our Supreme Court held that a competent defendant has the constitutional right to decide whether to assert an insanity defense. In that regard, the Court recognized that a competent criminal defendant "has the autonomy to make strategic decisions at trial, with the advice of counsel." Gorthy, 226 N.J. at 520. One of the strategic decisions a defendant has the autonomy to decide is whether to assert an insanity defense. Ibid. Accordingly, the Court held that if a trial court gives an insanity instruction to the jury over a defendant's clear objection, then the defendant is entitled to a new trial. Id. at 536-38.

Defendant is not entitled to post-conviction relief under Gorthy for two reasons. First, the decision in Gorthy was issued on September 28, 2016. Id. at 516. Defendant filed his second PCR petition in February 2018, well beyond the one-year limitation period. This one-year time limitation cannot be relaxed. Rule 3:22-12 provides no exception that would extend defendant's time beyond the one-year limitation. See R. 3:22-12(b) (stating that "[the Rule's] time

8

limitations shall not be relaxed, except as provided herein"); see also R. 1:3-4(c) (stating that a court may not enlarge the time for PCR petitions); State v. Jackson, 454 N.J. Super. 284, 292-94 (App. Div. 2018).

Second, the holding in Gorthy is not applicable to the circumstances of defendant's trial and his assertion of an insanity defense. Defendant was found to be competent to stand trial. As detailed in our opinion on defendant's direct appeal, the trial court considered defendant's competency on four occasions: three times before trial and once at trial. On direct appeal, we affirmed the ruling that defendant was competent to stand trial.

At trial, defendant was voir dired on his decision to testify. He stated that he wanted to convince the jury that he should be found not guilty because he was Jesus Christ and was on a mission from God when he killed his former girlfriend and his grandmother. Defendant's counsel did not want him to testify. The court held a hearing on defendant's competency and found him competent. During those proceedings, his counsel pointed out that if defendant did testify, counsel would ask the jury to find defendant not guilty because he was insane when he killed the victims. Defendant accepted that dual defense strategy. Thereafter, defendant testified and told the jury that he killed both his girlfriend and his grandmother.

At the charge conference, defense counsel asked the trial court to give the jury an instruction on the affirmative defense of insanity. Defendant did not object to that charge. Indeed, defense counsel told the trial court that he had discussed the insanity defense with defendant and defendant did not object.

In his second PCR petition, defendant now argues that counsel asked for the insanity charge over his objection. The record does not support that bald assertion. In short, by contrast to the defendant in Gorthy, defendant here did not object to the presentation of an insanity defense.

Defendant is also not entitled to post-conviction relief under McCoy. There, the defendant was charged with a triple murder and he faced the death penalty. His trial counsel believed that the evidence against the defendant was "overwhelming" and the best strategy would be to concede guilt during the guilt phase of the trial, so as to try to persuade the jury not to impose a death sentence in the penalty phase of the trial. McCoy, 138 S. Ct. at 1503. Defendant "vociferously" objected, insisted he was innocent, and objected to any admission of guilt. Id. at 1505. Over defendant's objections, the trial court allowed defense counsel to tell the jury that the defendant committed the three murders. Ibid.

The United States Supreme Court reversed and ordered a new trial. Id. at 1512. The Court held that the Sixth Amendment to the federal Constitution

guaranteed the right of a competent defendant to assert that he or she was innocent: "We hold that a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's [experience-based] view is that confessing guilt offers the defendant the best chance to avoid the death penalty." Id. at 1505. "[I]t is the defendant's prerogative, not counsel's, to decide on the objective of his defense: to admit guilt in the hope of gaining mercy at the sentencing stage, or to maintain his innocence, leaving it to the State to prove his guilt beyond a reasonable doubt." Ibid.

In stark contrast to McCoy, defendant was the one who insisted on telling the jury that he killed the victims. As already pointed out, defendant's trial counsel advised against defendant testifying and admitting his guilt. Consequently, there was no Sixth Amendment violation because defendant exercised his prerogative and decided to testify as he chose.

Given our holding that neither of the rules announced in Gorthy nor McCoy are applicable to defendant, we need not decide if either or both those cases should be applied retroactively to defendant's case. Nevertheless, we point out that defendant's case became final in 2013, when the Supreme Court denied certification to review our affirmance of his convictions on his direct appeal. See R. 3:22-12; State v. Covil, 240 N.J. 448, 468 (2020); State v. G.E.P., 458

11

N.J. Super. 436, 445 (App. Div. 2019). Accordingly, defendant would only be entitled to relief if <u>McCoy</u> or <u>Gorthy</u> were given complete retroactive effect. <u>See</u> <u>Teague v. Lane</u>, 489 U.S. 288, 301 (1989); <u>Covil</u>, 240 N.J. at 468. Complete retroactive effect is rarely given. <u>State v. Hodge</u>, 426 N.J. Super. 321, 333 (App. Div. 2012) (citing <u>State v. Burstein</u>, 85 N.J. 394, 406 (1981)). Moreover, neither the Court in <u>McCoy</u> nor the Court in <u>Gorthy</u> suggested in those decisions that their rulings should be given complete retroactive effect.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3580-18T2